OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously reversed without costs, and that branch of plaintiffs’ motion seeking to amend the complaint granted.
Plaintiff Donald Barbieri, a New York City police officer, and his wife, commenced the instant action seeking damages for injuries sustained by Mr. Barbieri during the course of firearms training. Plaintiffs allege that Mr. Barbieri, while engaging in required firearms training at the indoor firing range facility in Brooklyn, New York, sustained various and related injuries to his ears due to defective protective headsets. The allegedly defective headsets were issued and maintained by the defendants, and intended to muffle the loud report created by the various weapons used at the firing range.
The lawsuit was initially filed in Supreme Court, Kings County, alleging negligence, breach of implied warranty, and a violation of Labor Law § 200, as well as loss of companionship and consortium. Pursuant to CPLR 325 (d), the matter was transferred to the Civil Court. Due to an apparent law office error and/or mis communication between plaintiffs’ attorney and his clerical service, the matter was marked off the Trial Calendar on April 25,1995. By notice of motion dated December 4, 1995, plaintiffs sought to restore the case to the Trial Calendar and to amend the complaint to add additional claims for violations of Labor Law § 27-a (3) and Occupational Safety and Health Administration (OSHA) Regulations (29 CFR) § 1910.95 pursuant to General Municipal Law § 205-e. In partial opposition to the motion, it was argued that section 205-e of the General Municipal Law allows the “revival” and/or addition of causes of action for those actions “commenced on or before June thirtieth, nineteen hundred ninety-five.” Thus, defendants maintained that plaintiffs are time barred from adding the new causes of action since the motion was dated well after the cut-off date of June 30, 1995. The court granted plaintiffs’ motion to restore the matter, but denied that branch *523 of the motion seeking to amend the complaint, stating: “The claim plaintiffs now seek to assert is manifestly beyond the cut off date provided in the statute [General Municipal Law § 205-e (2)]. To allow the claim to be interposed nunc pro tunc would render the clear language of the statute meaningless.”
On appeal, plaintiffs argue that the limitations period set forth in General Municipal Law § 205-e does not abrogate the relation-back doctrine. We agree.
The original complaint in this action alleged causes of action for negligence, breach of warranty, a violation of Labor Law § 200, as well as loss of consortium and companionship. All causes of action stated in the complaint were brought pursuant to General Municipal Law § 205-e and arise out of an incident which occurred on or about February 1, 1989, whereby allegedly defective protective headsets intended to muffle noise did not function properly and caused injury to plaintiff.
Section 205-e of the General Municipal Law is a remedial statute which expands the rights of police officers to pursue claims for personal injuries in certain circumstances (see, Ruotolo v State of New York, 83 NY2d 248). Under the statute every cause of action for the personal injury of a police officer which was pending or actionable at the time of the effective date of the statute (Jan. 1, 1987) was revived, and allowed to be commenced at any time prior to June 30, 1995. There is no doubt that the proposed amendments to the complaint were made after the statutory cut-off date. However, it is clear that the personal injury action was indeed brought prior to this date.
The amended complaint seeks the addition of causes of action for a violation of Labor Law § 27-a (3) and OSHA Regulations (29 CFR) § 1910.95. Section 27-a (3) of the Labor Law requires employers to furnish “each of its employees, employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to its employees and which will provide reasonable and adequate protection to the lives, safety or health of its employees”. Similarly, section 1910.95 of the OSHA Regulations (29 CFR), entitled “Occupational noise exposure”, requires employers to, inter alia, furnish employees with personal protective equipment when noise exposure exceeds certain levels.
While this court is in no way passing upon the merits of plaintiffs’ original or proposed amended claims, it is clear from the record that the causes of action arise from the February 1, 1989 incident. The relief sought in the motion dated December *524 4, 1995, was not one seeking to revive a claim, but rather one to add additional causes of action which arise out of the same set of facts as described in the original complaint. Clearly, defendants had notice of the occurrence which gave rise to the original causes of action, and thus, there is no reason not to invoke the relation-back provision of CPLR 203 (f). Since the proposed additional causes of action relate to the specific occurrence, the court below improvidently used its discretion in denying plaintiffs’ motion.
Kassoff, P. J., Aronin and Patterson, JJ., concur.